In re Petition for DISCIPLINARY ACTION AGAINST Edward A. KUTCHER, Jr., an Attorney at Law of the State of Minnesota.

No. CX–89–1815.

Supreme Court of Minnesota.

Jan. 8, 1990.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed with this court a petition alleging that in connection with one estate (the S.J.K. Estate), the respondent had failed to file conservatorship annual accounts and failed to respond timely to the notices and orders and inquiries of the Ramsey County District Court Probate Division, and the Office of the Lawyers Professional Responsibility,

---

and the Hennepin County Attorney in violation of Rules 1.3, 3.4(c) and 8.1(a)(3), and 8.4(d) of Minnesota Rules of Professional Conduct. The petition also alleged that while acting as conservator of the above conservatorship, respondent failed to cooperate with the attorney for the ward's father's estate, and, in addition, retained funds belonging to the conservatorship for his own benefit in violation of Rules 1.3, 1.15, 8.4(c) and 8.4(d), Minnesota Rules of Professional Conduct. Finally, the petition alleged that the respondent had engaged in the unauthorized practice of law at a time while he was on restricted status pursuant to Rule 3, Minnesota Rules of Continuing Legal Education. Subsequent to filing the petition, the parties entered into a stipulation wherein the respondent admitted all of the allegations of the petition. In the stipulation, the parties recommended appropriate discipline. They felt it would be justified in the light of the admission as well as certain mitigating circumstances set forth in the stipulation.

The court having examined the petition, having examined the stipulation and the supplementary stipulation NOW ORDERS:

1. The respondent is hereby publicly reprimanded and placed on probation for a term of two years pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. Respondent shall pay within 60 days from the date hereof $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

3. The terms of respondent's probation shall be:

(a) At all times respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention.

(b) Respondent shall maintain total abstinence from alcohol and other mood altering chemicals except the use of prescription drugs in accordance with directions of a prescribing physician who was fully advised of respondent's chemical dependency before issuing the prescription.

(c) Respondent shall continue to regularly attend meetings of Alcoholics Anonymous or other outpatient alcohol treatment program acceptable to the Director.

(d) Respondent shall continue current treatment by Dr. C. Thomas Anderson, or another medical professional approved by the Director, and shall complete such therapy programs as are deemed necessary by Dr. Anderson or such professional. Respondent shall provide, upon the Director's request, such medical authorizations as may be necessary to allow the Director to verify respondent's compliance with this provision.

(e) Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of probation. Failure to nominate a supervisor acceptable to the Director, may result in the Director at his option appointing any licensed Minnesota lawyer acceptable as supervisor. The supervisor shall file a written report with the Director at least quarterly or at such other more frequent intervals as may be reasonably be requested by the Director.

(f) It shall be the duty of the supervising attorney to keep apprised of whether the respondent is continuing to abstain from the use of intoxicants, is regularly attending meetings of Alcoholics Anonymous or other outpatient alcohol treatment programs acceptable to the Director, continuing medical treatment, and generally abiding by the Minnesota Rules of Professional Conduct.

(g) Respondent shall report at least quarterly to the supervisor concerning compliance with the terms and conditions of the probation.

(h) Respondent agrees that during the term of the probation before engaging

in the handling of any probate matters or other matters concerning or related to estate of decedents or incompetents, he shall notify the supervisor and keep the supervisor advised of respondent's progress in completing the files.